5 pages

Byron Lee Lynch, State Bar No. 074729
Post Office Box 685
Shasta Lake, CA 96019
Telephone [530] 244-1235

Attorney for Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>WSS, LLC<br><br>DEBTOR. | Case No. 2016-26971<br><br>MC#: BLL-3<br>Date: April 11, 2017<br>Time: 9:30 AM<br>Dept: B<br>Ct. Rm 32 |

## MOTION FOR ORDER AUTHORIZING TRUSTEE TO SELL ESTATE'S RESIDUAL INTEREST IN REAL PROPERTY

1. By this motion, your Chapter 7 trustee seeks bankruptcy court authorization to sell the estate's residual interest in a commercial property located at 420 Alamo, Weed, CA 96094, California. (Property). The proposed sale is to the debtor's principal, Kuldip S. Kang for $25,000.00 cash, receipt of which is acknowledged. A motion to abandon the Property is filed concurrently herewith.

2. The Property is over encumbered and by selling the estate's residual interest, the estate will realize $25,000.00 and the principals are free to negotiate with the secured creditor out of bankruptcy.

2. Trustee has discussed the value of the Property with Charna Gilmore, the estate's Realtor, and conducted his due dilligence. Trustee believes the fair market value of the Property is approximately $150.000. The Property is encumbered by a Deed of Trust that secures a Promissory Note in the principal amount of $241,625.00.

3. Trustee believes that this bankruptcy case was filed to avoid a pending foreclosure. The debtor's principal has advised Trustee that he is now able to pay the $25,000.00 purchase price, to the estate, and cure any pending defaults which place the Property at risk, without the protection of bankruptcy.

4. Trustee will file a request to abandon the Property to be heard concurrently with this motion.

5. The secured creditor has been informed of the proposed sale, to be coupled with an abandonment, and has consented to the sale. The secured creditor's consent to the proposed sale, and any use of cash collateral, is filed concurrently herewith.

6. The buyer has been advised that his due diligence must be completed prior to the court hearing to approve the sale and that the Property is to be "sold as is, without any representations, conditions, or warranties except warranty of title".

7. Subject to bankruptcy court approval of the Agreement, and specifically on condition that any buyer accepts the Property in its current state of repair, as is, with no warranties of any kind attaching to any transfer or conveyance of the Property, Trustee is willing to execute a Quit Claim Deed, conveying the bankruptcy estate's interest in the Property to the the debtor's principal,

Law Office Of
BYRON LEE LYNCH
P.O. Box 685
Shasta Lake, CA 96019

Kuldip S. Kang, in exchange for $25,000.00, receipt of which is acknowledged. Any such conveyance pursuant to this Agreement, or any transfer or conveyance of the Property of any kind made pursuant to the Agreement or any over-bid, is to be without warranty of any kind and will incur no title or escrow fees to the bankruptcy estate.

8. Charna Gilmore has been approved as a Realtor for the estate and has rendered valuable services to your Trustee in connection with this sale. On bankruptcy court approval of this motion, your trustee request that he be authorized to pay $1,500.00 directly to Charna Gilmore as a 6% commission on the sale.

**Overbids on the Property:**

9. Subject to bankruptcy court approval, overbids in $1,000 increments, which are accompanied by a $26,000 deposit are invited. Any overbid is subject to any and all existing liens. The deposit is non refundable if the sale does not close due to circumstances within the successful bidders control.

10. Trustee understands that the bankruptcy court may set the terms of overbids.

11. When a Bid is accepted by the bankruptcy court, the bidder shall thereby become legally liable to purchase the Subject Property, which is sold as is, without any representations, conditions, or warranties except warranty of title.

Law Office Of
BYRON LEE LYNCH
P.O. Box 685
Shasta Lake, CA 96019

**<u>Authorities re Sale</u>:**

12. Chapter 7 trustees may sell property of the estate pursuant to 11 U.S.C § 363(b)(1) with the consent of parties who have an interest in cash collateral, 11 U.S.C § 363(c)(2)(A). Chapter 7 trustees have a duty to liquidate property pursuant to 11 U.S.C § 704(1).

13. Trustee proposes that after all Realtor commissions, title and escrow fees, and other expenses of sale are paid in full, the net proceeds of the sale, be placed into the bankruptcy estate's account to be maintained by trustee pending further order of court.

**WHEREFORE** your trustee prays as follows:

a. that the court accept the Offer to purchase the estate's residual interest in the Property for the purchase price of $25,000, or the highest overbid, in $1,000 increments. Overbids must be accompanied by a deposit of $26,000 which is non refundable if the sale does not close due to circumstances within the successful bidders control;

b. that the trustee be authorized to execute any and all documents necessary to transfer title of the subject property to the highest bidder;

c. that the trustee be authorized pay 6% Realtor commission to Charna Gilmore;

d. that on the close, the proceeds of sale shall be paid into the bankruptcy estate's account, to be maintained by trustee pending further order of court; and,

Law Office Of
BYRON LEE LYNCH
P.O. Box 685
Shasta Lake, CA 96019

e. for such further relief as may be deemed proper and just at the hearing in this matter.

DATED: March 10, 2017

THE LAW OFFICE OF
BYRON LEE LYNCH

BY: [signature]
BYRON LEE LYNCH,
Attorney for Trustee